UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN LEE BRADLEY,

Petitioner,

-vs-                                                     Case No.  8:04-cv-1362-T-24EAJ

JAMES V. CROSBY, JR.,

Respondent.
_____/

## ORDER

    This cause is before the Court on Petitioner Franklin Lee Bradley's 28 U.S.C. § 2254

petition for writ of habeas corpus.   Bradley challenges his convictions and sentences

entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

BACKGROUND

    On March 28,  2002, the State filed a two-count Information charging Bradley with

Burglary and Grand Theft in Case number CRC 02-04639CFANO-M. On April 8, 2002, the

State filed an Information charging Bradley with Uttering Forged Bills, Checks, Drafts or

Notes in Case number CRC 02-04640CFANO-M. On June 17, 2002, the State filed an

Information charging Bradley with Uttering Forged Bills, Checks, Drafts or Notes, in Case

number CRC 02-10096CFANO-M.

    On September 30,  2002, Bradley pled guilty to all of the charges. (See Exhibit 1;

Change of Plea/Sentencing Hearing Transcript). Bradley was sentenced the same day, as

a Habitual Felony Offender and Prison Releasee Reoffender,  to 20 years incarceration

with a minimum mandatory 15 years incarceration on the burglary charge. He was sentenced to 5 years incarceration on the other charges. The 5-year sentence ran concurrent to the other sentence.  Bradley did not seek a direct appeal.

On January 6, 2003, Bradley filed a Rule 3.850 Motion raising ten grounds for relief. (Exhibit 2).  On February 3, 2003, after considering the Rule 3.850 Motion, the state trial court entered an order titled "Order Denying In Part and Order Directing State To Show Cause." The state trial court denied grounds 2 through 10, and required the State to show cause why Bradley was not entitled to relief on ground one in an order that read, in part:

### GROUND ONE

#### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for coercing him to enter a plea. Defendant argues that counsel stated she was sure they were going to lose the case and she was not going to spend a lot of time on it. Defendant states that counsel told him he was going to get 70 years if he did not take the deal. The State shall show cause why Defendant is not entitled to relief.

### GROUND TWO

#### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to adequately investigate his claim that Detective Jones interrogated him without reading him his <u>Miranda</u> rights. This claim is without merit. Counsel deposed Detective Jones and specifically asked him if he had read Defendant his rights before questioning him. Detective Jones stated that he had read Defendant his rights. *See Exhibit A.* Defendant fails to state what more counsel could have done to investigate the claim. The issue is essentially one of credibility. Defendant claims that he was not read his <u>Miranda</u> rights while the Detective claims that he was. It is also apparent that a motion to suppress was scheduled for the day that the Defendant entered his plea. *See Exhibit B.* Defendant, however, cannot say that there is likelihood that the motion would have been granted and therefore, he has not demonstrated prejudice.

## GROUND THREE

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to move to suppress fingerprints that were found on the victims' change bowl. This claim is without merit. Defendant does not state any valid grounds to believe that the fingerprint evidence would have been suppressed. Defendant takes issue with the fact that the police returned the bowl to the victims after Defendant's prints were found on it. This however, does not negate the evidence. Defendant further argues that he had done work on the house and his fingerprints were naturally all over the house. This, however, does not explain how Defendant's prints were found on a piece of property owned by the victims. The victims testified in their depositions that Defendant had done work for the prior owner before the victims moved into the house, but Defendant was never retained by them to do work and never had permission to be in the house after they moved in. *See Exhibits C and D.* Additionally, any argument with regard to the sufficiency of the fingerprint evidence would have been more appropriately argued to the jury in a trial rather than a motion to suppress. This claim is denied.

## GROUND FOUR

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to investigate the case. Specifically, Defendant argues that he had consent to be on the property to restore the home. Additionally, Defendant points out that there was no forced entry to the home. Contrary to Defendant's contention, the evidence indicated that Defendant did not have consent to be on the property after the new owners moved in. *See Exhibits C and D.* The fact that there was no forced entry does not exonerate Defendant. The Charge of Burglary does not require a forced entry. The victims stated that they never changed the locks and Defendant may have used a key to get in. Defendant fails to demonstrate that counsel was ineffective. This claim is denied.

## GROUND FIVE

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to prepare his case. Specifically, Defendant suggests that counsel should have taken depositions further in advance of the scheduled trial date. Defendant argues that counsel did not take depositions until September 27, 2002, and October 1, 2002, just

a short time before the trial date of October 8, 2002. Contrary to Defendant's contention, counsel took depositions on September 10, 2002 and September 20, 2002. The dates that Defendant refers to are the dates that the transcripts were filed with the Clerk. Nevertheless, Defendant fails to demonstrate how he was prejudiced. Defendant makes a general statement that counsel did not have time to properly investigate an extremely complex case but Defendant fails to state with any particularity what further steps could have been taken. Counsel took depositions and discovered that on March 8, 2002, a neighbor saw a man entering the house across the street. She recognized the man as the man who did work on the house before the new occupants moved in. He was driving a green Suburban. The neighbor called one of the owners at work and informed her that someone was entering her home. *See Exhibit E.* The owner returned home and discovered jewelry and money missing. The owner called the previous owner in order to obtain the name of the man who had done work on the house. The owner was given Defendant's name. The Police found Defendant's fingerprints on a bowl that contained change. Both husband and wife testified at their depositions that they closed on their house on December 31, 2001 or January 1, 2002 and Defendant had no business on their property from that day forward. Police eventually caught Defendant after he eluded them in a green Suburban. Post <u>Miranda</u>, Defendant admitted committing the crime. Defendant fails to state what exculpatory information counsel could have discovered with further investigation. This claim is denied.

## GROUND SIX

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to depose one of the State's witnesses. Defendant's claim, however, is facially insufficient as he fails to name the witness he is referring to. Defendant refers to a woman who was living in New York, which describes witness Maureen Finch, the neighbor who witnessed Defendant enter the home. Maureen Finch was deposed over the phone. In addition to omitting the name of the witness, Defendant fails to sufficiently state how he was prejudiced. This claim is denied.

## GROUND SEVEN

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to investigate how the State's witness got the Defendant's name. Defendant argues that Maureen Finch did not know his name. As previously stated in this order, the

neighbor recognized Defendant because she had previously seen him doing work on the house. The victim called the previous owner and obtained Defendant's name. Defendant fails to demonstrate how counsel was ineffective. This claim is denied.

## GROUND EIGHT

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to investigate why Defendant was never placed in a line-up and why a photo-pack was never shown to the witness. These claims, however, do not state a claim of ineffective assistance of counsel. The evidence or lack of evidence is an argument that can be made to a jury. Regardless of whether or not a line-up or photo-pack was done, the witness recognized Defendant as the person who had done work on the house. There is a strong probability that the witness would have identified Defendant at the trial. Defendant fails to Demonstrate how counsel was deficient or how he was prejudiced. This claim is denied.

## GROUND NINE

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for removing Defendant's pro se Motion to Dismiss Counsel from the court records. This claim does not state a valid claim of ineffective assistance of counsel under rule 3.850. Furthermore, the record does not support the claim. *See Exhibit F.* This claim is denied.

## GROUND TEN

### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to investigate Defendant's claim that he had taken care of his uttering forged bills charges. Defendant argues that he paid his girlfriend back and the detective in charge was willing to speak on his behalf. Regardless of Defendant's self-reported restitution efforts, the State was not foreclosed from prosecuting Defendant. Additionally, the Court notes that a restitution status check was set at the time Defendant entered his plea. There has been no confirmation that restitution has been paid. *See Exhibit G.* This claim is denied.

(See Exhibit 3).

The State filed its response to the Order to Show Cause on April 3, 2003. (Exhibit 4) Bradley replied on May 1, 2003. (See Exhibit 5) On May 16, 2003, the trial court entered a final order denying the Rule 3.850 motion. (Exhibit 6)  The state trial court stated, in denying ground one:

> Defendant alleges that counsel was ineffective for coercing him to enter a plea.  Defendant argues that counsel stated she was sure they were going to lose the case and she was not going to spend a lot of time on it. Defendant states that counsel told him he was going to get 70 years if he did not take the deal.
>
> In its response, the State argues that, contrary to Defendant's contention, counsel did spend a significant amount of time on Defendant's case by the depositions she took and the motions she filed.  *See Exhibit B.* In addition, the State argues that any claim that Defendant was coerced into entering a plea is refuted by both the change of plea transcript and the change of plea form. *See Exhibits C and A.*  The State further argues that any alleged misstatements about the amount of time Defendant would serve if he lost at trial were cured during the change of plea.
>
> The Court agrees that the above-listed exhibits refute the remaining claims that make up ground one. <u>Rackley v. State</u>, 571 so. 2d 533 (Fla. 1st DCA 1991).

Bradley's motion for rehearing was denied. (Exhibits 7 and 8).  Bradley appealed the denial of Rule 3.850 relief.  On March 10, 2004, the state district court of appeal per curiam affirmed the denial of Bradley's 3.850 Motion for Postconviction Relief. <u>Bradley v. State</u>, 872 So. 2d 903 (Fla. 2d DCA 2004).  Bradley then timely filed the present federal petition for writ of habeas corpus raising the same ineffective assistance claims raised in the Rule 3.850 motion.

## STANDARD OF REVIEW

Because Bradley filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996

-6-

(AEDPA).  Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).   "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10

(2003); <u>Clark v. Crosby</u>, 335 F.3d at 1308-10; <u>Washington v. Crosby</u>, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. <u>Mitchell v. Esparza</u>, 124 S.Ct. at 10 (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)). <u>See</u> <u>also</u> <u>Price v. Vincent</u>, 123 S.Ct. at 1853; <u>Lockyer v. Andrade</u>, 538 U.S. at 75-77. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell v. Esparza</u>, 124 S.Ct. at 10; <u>Parker v. Secy of Dept. of Corrections</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. <u>Lockyer v. Andrade</u>, 538 U.S. at 75-77; <u>Williams</u>, 529 U.S. at 409-10; <u>Penry v. Johnson</u>, 532 U.S. at 791-792; <u>Woodford</u>

v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El  v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4  (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the

federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. <u>Anderson v. Harless</u>, 459 U.S. 4, 6-8 (1982).

In the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in <u>Chapman v. California</u>, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" <u>Brecht</u>, 507 U.S. at 637. Although no constitutional error has occurred in Bradley's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

<u>No Presumption that State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal.  Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. <u>See Coleman</u>, 501 U.S. 722,  735-36 (1991);  <u>Kight v. Singletary</u>, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); <u>Tower v. Phillips</u>, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

### Ineffective Assistance of Counsel Claims

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id</u>. at 687-88; <u>see also</u>, <u>Wiggins v. Smith</u>, 123 S.Ct. 2527 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690). This judicial scrutiny is "highly deferential." <u>Id</u>. at 477. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689-90; <u>Bell v. Cone</u>, 535 U.S. 685, 698 (2002). Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, <u>Thompson v. Haley</u>, 255 F.3d 1292, 1297 (11th Cir. 2001); <u>Meeks v. Moore</u>, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination. <u>Parker v. Head</u>, 244 F.3d at 835-837. "[T]he <u>Strickland</u> test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims." <u>Williams</u>, 529 U.S. at 391.

"To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is

possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). "Therefore, the cases in which habeas petitioners can properly prevail an the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.), cert. denied, 513 U.S. 899 (1994).

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. See Chandler, 218 F.3d at 1315. An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. Chandler, 218 F.3d, at 1314 n. 15. To establish prejudice caused by counsel's alleged ineffectiveness in  the context of the entry of a plea, Bradley must show that his attorney's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, she or he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## DISCUSSION

A review of the record demonstrates that, for the following reasons,  Bradley is not entitled to habeas corpus relief.

### Ground One

Bradley argues that the trial court erred in denying his claim that trial counsel was ineffective for coercing him to enter a plea, and for trial counsel's alleged unwillingness to prepare Bradley's case. Bradley argues that defense counsel stated that she was sure they were going to lose the case and she was not going to spend a lot of time on it. He also alleges that counsel told him that he was going to be sentenced to 70 years incarceration if he did not take the State's "deal."

Bradley fails to meet the first prong of <u>Strickland</u> in failing to prove deficient conduct. The record shows that, contrary to Bradley's contention, defense counsel did spend a significant amount of time on his case as evidenced by the depositions of at least six witnesses which counsel took, the motions she filed (Motion To Suppress and Motion To Compel, chief among them), and the letters she wrote to Bradley. (See Exhibits 3, 4, and 6). Additionally, any claim that Bradley was coerced into entering a plea is refuted by both the change of plea transcript and the change of plea form. The Change of Plea Transcript shows that Bradley specifically told the court under oath, that no one threatened or forced him to plead. (Exhibit 1). This, coupled with the signed Change of Plea Form denying any pressure or force to enter the plea is sufficient to refute this claim. (See Exhibit 5).

Any alleged misstatements about the amount of time Bradley would serve if he lost at trial were cured during the change of plea. (Exhibits 1 and 5). Bradley has not shown that his attorney was deficient or that the alleged deficiency rendered the result of his trial unfair or unreliable. <u>Fretwell v. United States</u>, 506 U.S. 352,  385-386 (1993). Therefore, Bradley has not shown prejudice. The state trial court's determination that defense counsel's

performance in this regard was sufficient is consistent with the Supreme Court's holding

in <u>Strickland</u>.  Ground one does not entitle Bradley to habeas corpus relief.

Ground Two

Bradley argues that the trial court erred in denying his claim that trial counsel was

ineffective for failing to "adequately investigate Bradley's claim of his Constitutional Rights

being violated by Detective Randle Jones during a custodial interrogation where" Bradley's

rights were never given.

The state trial court properly denied the claim raised in ground two under the

<u>Strickland</u> analysis because Bradley failed to establish prejudice. There is no reasonable

probability that but for counsel's alleged errors, Bradley would have opted not to enter a

plea and would have insisted on going to trial. It is apparent from the record that, faced with

almost certain conviction at trial and the probable imposition of a lengthy penalty in light of

the facts and Bradley's record, Bradley chose to enter a plea. <u>See</u> <u>Tahamtani v. Lankford</u>,

846 F.2d 712 (11th Cir. 1988)(per curiam).

Counsel deposed Detective Jones and specifically asked him if he had read Bradley

his rights before questioning Bradley. Detective Jones stated that he had read Bradley his

rights. *(See Exhibit 3-A).* Bradley fails to state what more counsel could have done to

investigate the claim. The issue is essentially one of credibility and the state trial court

believed Detective Jones' statement.

It is also apparent that a motion to suppress was scheduled for the day that Bradley

entered his plea. *See Exhibit B.* Bradley, however, cannot say that there is any likelihood

that the motion would have been granted.

-14-

Bradley fails to meet either prong of the <u>Strickland</u> test.  The state trial court's determination that defense counsel's performance was sufficient is consistent with the Supreme Court's holding in <u>Strickland</u>. Ground two does not warrant habeas corpus relief.

Ground Three

Bradley alleges that counsel was ineffective for "failure to suppress the latent fingerprints that the State was intending to use in its prosecution."  These were the fingerprints found on the victims' change bowl. This claim is also without merit. Bradley does not state any valid grounds for suppression of the fingerprint evidence. Bradley takes issue with the fact that the police returned the bowl to the victims after Bradley's prints were found on the bowl. This action does not negate the evidence.

Bradley further argues that he had done work on the house and his fingerprints were naturally all over the house. This, fact, however true, does not explain how Bradley's prints were found on a piece of property owned by the victims who had purchased the house and moved into the house after Bradley had completed the work. The victims testified in their depositions that Bradley had done work for the prior owner before the victims moved into the house, but Bradley was never retained by them to do work and never had permission to be in the house after they occupied the house.  *See Exhibits C and D.*  Additionally, any argument with regard to the sufficiency of the fingerprint evidence goes to the weight of the evidence and would have been more appropriately argued to the jury in a trial rather than in a motion to suppress.

-15-

The record supports the state courts' decisions and Bradley's petition is facially and legally insufficient to overcome the presumption of correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).  Ground three does not warrant habeas corpus relief.

Ground Four

Bradley alleges that counsel was ineffective for failing to investigate information in the arrest report stating that there had not been any forced entry into the home. Bradley argues that he had consent to be on the property to restore the home. Contrary to Bradley's contention, the evidence indicated that Bradley did not have consent to be on the property after the new owners moved in. *See Exhibits C and D.* The fact that there was no forced entry does not exonerate Bradley. The charge of burglary does not require forced entry. The victims stated that they never changed the locks and Bradley could have used a key to enter the house. Based on this record, Bradley has not shown that his attorney was deficient or that the alleged deficiency rendered the result of his trial unfair or unreliable. Fretwell, 506 U.S. 352, 386-387 (1993) (The prejudice component of Strickland focuses on the question of whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.")(citations omitted). See Jenkins v. State, 633 So. 2d 553 (Fla. 1st DCA 1994)(Rule 3.850 motions require a factual basis; "conclusory" statements without supporting facts are insufficient).

Bradley fails to make the threshold showing of entitlement to relief pursuant to the AEDPA standard.  Under this formulation, a federal court may not grant the writ merely because it disagrees with the state court's decision, or because, left to its own devices, it would have reached a different result. Furthermore, 28 U.S.C. §2254(e)(1) provides that

in a habeas proceeding by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct, and the habeas applicant has the burden of rebutting the presumption by clear and convincing evidence.  Bradley has not done so, and ground four does not warrant relief.

Ground Five

Bradley claims that the state trial court erred in denying his claim that trial counsel was ineffective for failing to depose witnesses and prepare his case. Specifically, Bradley suggests that counsel should have taken depositions further in advance of the scheduled trial date. Bradley argues that counsel did not take depositions until September 27, 2002, and October 1, 2002, just a short time before the trial date of October 8, 2002. However, the record does not support this contention, and thus, this claim is without merit.

Contrary to Bradley's contention, counsel took depositions on September 10, 2002, and September 20, 2002. The dates that Bradley refers to are the dates that the transcripts were filed with the Clerk. Nevertheless, Bradley fails to demonstrate how he was prejudiced. Bradley makes a general statement that counsel did not have time to properly investigate an extremely complex case but he fails to state with any particularity what further steps could have been taken.

The record shows that defense counsel took depositions and discovered that on March 8, 2002, a neighbor saw a man entering the house across the street. She recognized the man as the man who did work on the house before the new occupants moved in. He was driving a green Suburban. The neighbor called one of the owners at work and informed her that someone was entering her home. *(See Exhibit 3-E, and 4).* The new

owner returned to her home and discovered jewelry and money missing. The owner called the previous owner to obtain the name of the man who had worked on the house. The owner was given Bradley's name. The Police found Bradley's fingerprints on a bowl that contained change. Both the husband and his wife testified at their depositions that they had closed on their house on December 31, 2001, or January 1, 2002, and Bradley had no business on the property after that date.

Police eventually apprehended Bradley after he eluded them in the green Suburban automobile. Post <u>Miranda</u>, Bradley admitted committing the crime. Bradley fails to state what exculpatory information counsel could have discovered with further investigation.

Bradley has failed to meet the <u>Strickland</u> two-prong standard, and this fact is supported by the record.  Bradley has failed to make a requisite showing to entitle him to relief on his ineffective assistance of counsel claim.  Ground five does not merit habeas corpus relief.

### Ground Six

Bradley claims that "he was denied effective assistance of counsel based on counsel's failure to depose State's eyewitness Maureen Finch that the State intended to use in trial." Bradley's claim is facially and factually insufficient as he fails to show prejudice.

Eyewitness Mrs. Maureen Finch is the neighbor who witnessed Bradley enter the home illegally and without permission. However, the record shows that Maureen Finch was deposed over the phone;  thus counsel was not deficient for failing to depose her. (See Exhibit 3). Moreover, Bradley failed to raise this claim on direct appeal. Bradley is procedurally barred from raising this claim because this is an issue which could and should

have been raised on direct appeal. <u>Williams v. State</u>, 452 So. 2d 657 (Fla. 2d DCA 1984).

Bradley may not raise otherwise procedurally barred claims by simply couching them as

ineffective assistance claims. <u>Medina v. State</u>,  573 So. 2d 293, 296 (Fla. 1998). The state

trial court correctly found that Bradley's claim was not cognizable in a Rule 3.850 Motion.

Ground Six does not warrant habeas corpus relief.

### Ground Seven

Bradley claims he was "denied effective assistance of counsel where counsel

refused to investigate how the State's witness Maureen Finch got the petitioner's name

even after petitioner informed counsel that petitioner has never spoke[n] to or had a

conversation with the State's witness."

This claim has no merit.  Mrs. Finch, the neighbor of the victims, recognized Bradley

because she had previously seen him doing work on the house, prior to the house being

sold to the victims in this case. Having obtained the information from Mrs. Finch, the victim

called the previous owner and obtained Bradley's name.

Bradley fails to demonstrate how counsel was ineffective for failing to investigate this

claim.  The State trial court properly denied the claim raised in ground seven under the

<u>Strickland</u> analysis because Bradley failed to establish prejudice.

Ground seven does not warrant relief.

### Ground Eight

Bradley claims that "he was denied effective assistance of counsel where counsel

did not investigate Petitioner never being placed in a line-up and there was never a photo-

pack made up to identify Petitioner."  This claim does not state a claim of ineffective

assistance of counsel. The evidence or lack of evidence is an argument that can be made to a jury. Regardless of whether or not a line-up or photo-pack was done, the witness recognized Bradley as the person who had worked on the house. There is a strong probability that the witness would have identified Bradley at trial. Bradley fails to demonstrate how counsel was deficient or how he was prejudiced by counsel's actions. Additionally, Bradley is procedurally barred from raising this claim because this is an issue which could and should have been raised on direct appeal. <u>Williams v. State</u>, 452 So. 2d 657 (Fla. 2d DCA 1984). Issues which were, or should have been brought prior to trial or on direct appeal are procedurally barred in subsequent post-conviction proceedings. <u>Johnson v. State</u>, 593 So.2d 206 (Fla. 1992). A petitioner may not make otherwise raise procedurally barred claims by simply couching them as ineffective assistance claims. <u>Medina v. State</u>, 573 So. 2d 293 (Fla 1998).  Ground eight does not warrant habeas corpus relief.

Ground Nine

Bradley claims that "he was denied effective assistance of counsel based on counsel's decision to remove the Petitioner's pro se Motion to Dismiss Counsel from the court clerks filing records."  This claim does not state a valid claim of ineffective assistance of counsel under Rule 3.850.  Furthermore, the record does not support the claim because the motion to dismiss counsel is part of the record. (See Exhibit 3-F). Thus, ground nine is without merit does not warrant habeas relief.

Ground Ten

-20-

Bradley claims that "he was denied effective assistance of counsel based on counsel's failure to investigate Petitioner's claim that the Petitioner had taken care of the charge of Uttering Forged Bills."  Bradley argues that he repaid his girlfriend and that the detective in charge of the case was willing to speak on Bradley's behalf. However, regardless of Bradley's self-reported restitution efforts, the State was not foreclosed from prosecuting Bradley. Additionally, the Court notes that a restitution status hearing was set at the time Bradley entered his plea. As the state trial court pointed out, there had been no confirmation that restitution had been paid. (See Exhibit 3).

Bradley has not shown that counsel was ineffective under either of the Strickland prongs and ground ten does not warrant habeas relief.

Accordingly, the Court orders:

That Bradley's petition is dismissed, with prejudice.  The Clerk is directed to enter judgment against Bradley and to close this case.

ORDERED at Tampa, Florida, on November 23, 2005.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Franklin Lee Bradley